## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**GLENN AARON ARMSTEAD**                                                                                    **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 4:16-CV-150-JHM**

**CABINET FOR HEALTH AND HUMAN SERVS. et al.**                                  **DEFENDANTS**

### MEMORANDUM OPINION

*Pro se* Plaintiff Glenn Aaron Armstead filed the instant action. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff brings this action against the Kentucky Cabinet for Health and Human Services, D. Brent Irvin at Legal Services, and the Social Security Administration. He states that the basis for this Court's jurisdiction is the False Claims Act, "31 U.S. Code 3729-3733." The complaint states that the amount in controversy is "72 months of health care and $730 benefit involved." He alleges: "Cabinet refused settlement outside of court privacy issue. Did not live in Commonwealth[.] documents -- dates -- case # -- false all documents. Statements from CHFS saying SSA sent information out. I received it from CHFS. Dates -- my government name [--] all documents false." The complaint continues:

> Documents date back 6 years with my government name and health information. I lived in Indiana on 90 percent of the dates, not Kentucky. Information was mailed on form PA-11 from Cabinet for Health, Cabinet said information came from SSA but the claim has the truth 6 years of documents dates case # 11534348 CHFS. I have the documents with all dates from 4/10 – 4/16. Documents say

approved 72 times. Lived in Indiana on these dates. My Indiana records show facts.

As relief, Plaintiff asks for "tort relief."

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The False Claims Act (FCA) is found at 31 U.S.C. § 3729, *et seq*. It "is an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003). Under the FCA, a private individual, known as a relator, may bring suit alleging FCA violations on behalf of the government; such an action is known as a *qui tam* action. *Id.*; *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 342 n.5 (6th Cir. 2000) (noting that "the United States is the real-party-in-interest in FCA litigation").

However, *qui tam* actions cannot be brought by a *pro se* relator. Because "a *qui tam* relator . . . sues on behalf of the government and not himself[, h]e therefore must comply with the general rule prohibiting nonlawyers from representing other litigants." *United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 F. App'x 731, 732 (7th Cir. 2006) (citation omitted); *see also Jones v. Jindal*, 409 F. App'x 356 (D.C. Cir. 2011) (per curiam); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92-94 (2nd Cir. 2008); *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008); *Rogers v. Sacramento Cty.*, 293 F. App'x 466, 467 (9th Cir. 2008); *United States ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) (per curiam); *Brantley v. Title First Titling Agency*, No. 1:12-cv-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012); *Carter v. Washtenaw Cty.*, No. 09-14994, 2010 WL 3222042, at *1 (E.D. Mich. Aug. 13, 2010).

Accordingly, because Plaintiff is proceeding *pro se* in this action, he is prohibited from bringing an FCA claim, and the complaint will be dismissed.

### III. CONCLUSION

For the foregoing reasons, by separate Order, this action will be dismissed.

Date: March 13, 2017

                                                    **Joseph H. McKinley, Jr., Chief Judge**
                                                        **United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4414.009